UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MERRILL LYNCH BUSINESS FINANCIAL
SERVICES INC.,

           07 CV 8071 (RJS)

        Plaintiff,

    -against-

           **DECLARATION FOR**
ADDRESSING SYSTEMS AND PRODUCTS INC.,    **JUDGMENT BY DEFAULT**
MARSHALL GOLDBERG, TEMAR INC., and
and "JOHN DOE #1" THROUGH "JOHN DOE #12",
the last twelve names being fictitious and unknown to
plaintiff, being persons having or claiming an interest
in or lien upon the chattel described in the complaint,

       Defendants.

------------------------------------------------------------------------x

    I, Spencer L. Schneider, Esq., declare as follows:

    1. I am a member of the Bar of this Court and represent plaintiff in the above-entitled action, and I am familiar with all the facts and circumstances in this action.

    2. I make this declaration in support of plaintiff's application for the entry of a default judgment against defendants Addressing Systems and Products Inc., Temar Inc., and Marshall Goldberg.

    3. This action seeks to recover a debt owed by the defendants to plaintiff for a loan granted to the defendant Addressing Systems and Products, Inc., which the other defendants unconditionally guaranteed. (A copy of the complaint is annexed hereto as Ex. A; the note and guaranties are annexed to the complaint.)

    4. Jurisdiction of the subject matter of this action is based on diversity jurisdiction.

    5. This action was commenced on September 17, 2007, by the filing of the summons and complaint. Copies of the summons and complaint were served on the defendant Addressing Systems and Products Inc. on September 24, 2007, which is a New York corporation, by serving the Secre-

tary State of New York, and proof of service was filed on October 12, 2007; on defendant Marshall Goldberg on November 7, 2007, by affixing a true copy of same to his dwelling place in New York, after being unable with due diligence to find defendant or a person of suitable age or discretion, and proof of service was filed on November 7, 2007; and on defendant Temar Inc. on November 9, 2007, which is a New Jersey corporation, by serving the Secretary of State of New Jersey, and a proof of service having been filed on December 7, 2007. (The affidavits of service are annexed as Ex. B.) Defendants have not answered the complaint and the time for them to answer the complaint has expired. The Clerk's Certificate of default is annexed hereto as Ex. C.

6. This action seeks judgment for the amount of $350,811.71, plus additional accrued interest, however, according to plaintiff's records (per the most recent account statement for the loan in question, Ex. D), the principal debt, as of December 31, 2007, totals $333,476.19, plus there are additional interest charges as of this time of $29,552.29. Additionally, the note and guaranty each provide for recovery of attorneys' fees. (Complaint, Ex. A, 3.7(d), Ex. B, ¶ 1.)

7. Defendant Marshall Goldberg is not a minor, mentally incompetent or, upon information and belief, in the military service of the United States of America.

8. As for the need for an inquest to determine damages, please note that in a recent and similar case involving plaintiff, Chief Judge Dearie, in the Eastern District of New York, ordered an inquest to be held. *See Merrill Lynch Business Financial Services Inc. v. Brook-Island Medical Associates, P.C.*, 2007 WL 2667454 (E.D.N.Y. August 16, 2007). Citing *Transatlantic Marine Claims Agency Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2nd Cir.1997), Magistrate Judge Matsumoto took submission on the inquest by affidavits. 2007 WL 2667454, at 2. A proposed default judgment is annexed hereto as Ex. E.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the date set forth below.

DATED this 2nd day of January, 2008

Spencer L. Schneider